1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   GARY CRAIN,                          Case No. 1:24-cv-00468-JLT-CDB

12              Plaintiff,                 ORDER ADOPTING FINDINGS AND
                                           RECOMMENDATIONS, GRANTING IN
13        v.                               PART DEFENDANTS' MOTION TO
                                           DISMISS
14   STATE OF CALIFORNIA, *et al.*,
                                           (Docs. 7, 14)
15              Defendants.

16

17        On November 30, 2023, Gary Crain, a former state inmate, initiated this action in which

18   he asserts claims against defendants State of California, California Department of Corrections and

19   Rehabilitation, inmate Melvin Simmons, correctional officer A. Lwin, and Does 1 to 10. (Doc.

20   6).[1]

21        On July 22, 2024, defendants Lwin and the State of California filed a motion to dismiss

22   and a request for judicial notice in support thereof. (Docs. 7; 7-2). On February 14, 2025, the

23   assigned magistrate judge granted moving defendants' requests for judicial notice and issued

24   findings and recommendations to grant in part their motion to dismiss. (Doc. 14). The magistrate

25   judge recommended the motion to dismiss be denied as to plaintiff's Eighth Amendment claims

26   (Claims I & II), and granted without leave to amend as to plaintiff's state law claims (Claims III

27   _____

28   [1] Other individual and organizational defendants named in the original complaint have been
     voluntarily dismissed. (Doc. 13).

& V). (*Id.* at 24).[2] The Court served the findings and recommendations on the parties and notified them that any objections were due within 14 days. (*Id.*). On February 28, 2025, the moving defendants and plaintiff timely filed their respective objections to the findings and recommendations. (Docs. 16, 17). On March 14, 2025, the moving defendants timely filed a response to plaintiff's objections. (Doc. 18).

As to Claims I and II, the magistrate judge properly found the facts alleged sufficient to raise calins under the Eighth Amendment based upon excessive force and medical indifference. For example, plaintiff alleges that Lwin intentionally shot him twice with 40mm sponge bullets not to stop inmate Simmons' ongoing knife attack, but due to a vendetta Lwin had against plaintiff based on their prior interaction; and that Lwin intentionally delayed and denied plaintiff the medical care he needed for his serious and obvious head injury. (Doc. 14 at 8-12).

The magistrate judge properly denied without prejudice the claim of qualified immunity, after correctly analyzing controlling legal authority and applying it to the undeveloped factual record in the case, which the Court must accept as true and view it most favorably to plaintiff. (Doc. 14 at 14-17). As the magistrate judge observed, "a court may deny a qualified immunity defense without prejudice and, after further factual development, a defendant may re-raise the qualified immunity issue at summary judgment or trial." (Doc. 14 at 14); *see also Hernandez v. City of San Jose*, 897 F.3d 1125, 1139 (9th Cir. 2018) (defendants are free to move for summary judgment based on qualified immunity once an evidentiary record has been developed). Moving defendants' argument and caselaw proffer in support of the motion to dismiss fall short for the reasons stated by the magistrate judge.

Moving defendants' objections to the Claim I and II findings and recommendations are not persuasive. Their argument is founded on conclusory allegations, and it belies the first amended complaint's factual allegations and reasonable inferences therefrom. (*See* Doc. 14 at 8-12; *see also id.* at 14-17; Doc. 16 at 5-7). Their argument the magistrate judge erred by denying qualified immunity ignores the magistrate judge's reasoned Eighth Amendment analysis in the context of the case specific factual allegations. (*See* Doc. 14 at 12-17; Doc. 16 at 3-5).

---

[2] Reference to pagination is to CM/ECF pagination. Reference to state law is to California law.

1    For example, the magistrate judge observed plausible allegations that Lwin acted

2    intentionally to harm plaintiff rather than in a good faith effort to restore discipline; and to delay

3    and deny medical care for plaintiff's serious injuries maliciously inflicted by Lwin. (Doc. 14 at

4    12-17; *see e.g., Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005)) (for First Amendment

5    purposes and in the prison context, "the prohibition against retaliatory punishment is clearly

6    established law in the Ninth Circuit, for qualified immunity purposes."). Defendants' caselaw

7    proffer is distinguishable and unpersuasive given the procedural posture and specific facts of the

8    case, for the reasons stated.

9    As to Claims Claim III and V, the magistrate judge properly took judicial notice of

10    evidence proffered by moving defendants relating to plaintiff's underlying state administrative

11    claim and his parole status at times relevant, and thereupon correctly found Claims III and V

12    subject to irremediable procedural bar.

13    Claim III, alleging Government Code § 845.6 failure to obtain medical care, fails because

14    it is unsupported by plaintiff's administrative claim and any further administrative claim is time

15    barred. (Doc. 14 at 17-20); *see also Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1224

16    (E.D. Cal. 2009) ("[N]o suit for money or damages may be brought against a public entity on a

17    cause of action for which a claim is required to be presented . . . until a written claim therefor has

18    been presented to the public entity and has been acted upon . . . or has been deemed to have been

19    rejected."); Gov't Code § 950.2 (cause of action against public employee for injury caused by act

20    or omission in the scope of employment is barred if an action against the employing public entity

21    for such injury is barred).

22    The magistrate judge properly observed that plaintiff "fail[ed] to allege any facts that

23    establish any of the elements to state a claim under § 845.6[.]" (Doc. 14 at 19-20)*; see also*

24    *Sparks v. Kern Cnty. Bd. of Supervisors*, 173 Cal. App. 4th 794, 800 (2009), *as modified* (May 13,

25    2009) (the doctrine of substantial compliance with statutory requirements "cannot cure total

26    omission of an essential element from the claim or remedy a plaintiff's failure to comply

27    meaningfully with the statute."). Plaintiff's proffered authorities are not a basis to find otherwise,

28    for the reasons stated. The magistrate judge properly found that plaintiff cannot now correct this

1   deficiency. (Doc. 14 at 20, citing *Knappenberger v. City of Phx.*, 566 F.3d 936, 942 (9th Cir.

2   2009) ("Leave to amend should be granted unless the district court determines that the pleading

3   could not possibly be cured by the allegation of other facts.").

4          Claim V alleging state law negligence is barred because it is unsupported by exhaustion of

5   prison administrative remedies. (*See* Doc. 14 at 21-23). Plaintiff, a CDCR parolee at times

6   relevant, was required to exhaust prison administrative remedies. (Doc. 14 at 21-23); *see also*

7   *Torres v. Gipson*, 2019 WL 1599416, at *4 (E.D. Cal. Apr. 15, 2019), *report and*

8   *recommendation adopted sub nom. Matias Torres v. Gipson*, 2019 WL 2464938 (E.D. Cal. June

9   13, 2019) ("The State of California provides its inmates and parolees the right to appeal

10  administratively any policy, decision, action, condition, or omission by the department or its staff

11  that the inmate or parolee can demonstrate as having a material adverse effect upon his or her

12  health, safety, or welfare."). The time allowed for exhaustion has passed. (*Id.*).

13         Plaintiff's objections to the Claim III and V findings and recommendations are not

14  persuasive. Plaintiff argues the magistrate judge erred by taking judicial notice of his May 30,

15  2023 administrative claim, but does not explain why this is so. (*See* Doc. 17 at 4). Plaintiff argues

16  he was denied the opportunity to respond to the judicially noticed evidence of his CDCR parole

17  status submitted with defendants' reply to the motion to dismiss, but the argument is merely

18  conclusory. Plaintiff's caselaw proffer in support of this argument relates to Rule 56 and other

19  proceedings wherein the evidence submitted with the reply did more than fill in gaps in evidence

20  created by the opposition and is thus distinguishable and unhelpful to him. (*See* Doc. 17 at 4;

21  Doc. 18 at 7); *see also Jay v. Mahaffey*, 218 Cal. App. 4th 1522, 1538 (2013) (court had

22  discretion to consider reply evidence that merely filled gaps in the evidence created by the

23  opposition). As moving defendants correctly observe, plaintiff had the opportunity to respond to

24  the reply evidence. (*See* Doc. 18 at 7 citing Local Rule 230(m)(1)).

25         Plaintiff's argument the State's failure to notify him of the deficiency in his administrative

26  claim constitutes a waiver, fails. (Doc. 17 at 3-4). For example, plaintiff has not shown the

27  omission of the Claim III theory of liability was a statutory deficiency apparent on the face of his

28  administrative claim. (*Id.*).

1    Plaintiff's argument that he was exempt from exhaustion of prison administrative

2    remedies because he was then an unsupervised parolee, fails. (*See* Doc. 17 at 4-6). The magistrate

3    judge properly found that at times relevant plaintiff was a non-revocable parolee still serving his

4    sentence and as such required to exhaust prison administrative remedies. (Doc. 14 at 21-23); *cf.*

5    *Fanaro v. Cnty. of Contra Costa*, 2021 WL 2207363, at *16 (N.D. Cal. June 1, 2021) (a Rule 56

6    case wherein the plaintiff was excused from exhaustion upon release from custody and no longer

7    serving his sentence). The Court is unpersuaded by plaintiff's unsupported argument that Penal

8    Code § 3000.03 (regarding conditions of non-revocable parole) is reason to find the magistrate

9    judge erred. (Doc. 17 at 5-6). Plaintiff's re-argument of matters considered by the magistrate

10    judge lacks persuasive weight, for the reasons stated. (Doc. 17 at 4-6).

11    Plaintiff has not shown any reasonable possibility he can cure the noted Claim III and V

12    procedural deficiencies. For example, plaintiff has not explained how the State's alleged failure to

13    respond to his administrative claim suggests the procedural bar can be cured. (Doc. 17 at 4).

14    Plaintiff does not even argue much less make a proffer that the prison administrative remedies

15    exhaustion bar can be cured. (*Id.* at 4-6).

16    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a

17    *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings

18    and recommendations are supported by the record and by proper analysis. Therefore, the Court

19    orders:

20    1.    The February 14, 2025, findings and recommendations (Doc. 14) are ADOPTED

21        IN FULL.

22    2.    Defendants' motion to dismiss (Doc. 7) is GRANTED IN PART and DENIED IN

23        PART.  Specifically, it is ORDERED that:

24        a.    Defendants' motion to dismiss plaintiff's Eighth Amendment claims

25            (Claims I & II) is DENIED.

26        b.    Defendants' motion to dismiss plaintiff's claim pursuant to Gov't Code §

27            845.6 (Claim III) is GRANTED without leave to amend.

28        c.    Defendants' motion to dismiss plaintiff's state law negligence claim (Claim

1       V) is GRANTED without leave to amend.

2    3.   The matter is referred to the assigned magistrate judge for further proceedings,

3       including proceedings scheduling the case.

4

5 IT IS SO ORDERED.

6  Dated:  **December 31, 2025**

              UNITED STATES DISTRICT JUDGE