UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CRAIN, | Case No.  1:24-cv-00468-JLT-CDB (PC) |
| Plaintiff, | ORDER STAYING CASE |
| v. | (Docs. 22, 24, 25) |
| STATE OF CALIFORNIA, *et al.*, | *Rule 26 Disclosures*: March 2, 2026 |
| Defendants. | April 2, 2026, Filing Deadline |

Plaintiff Gary Crain, a former state inmate proceeding by counsel, initiated this action with the filing of a complaint on November 30, 2023, in state court before the case was removed to this Court on April 19, 2024.  (Doc. 1).  This action proceeds on the remaining claims of Plaintiff's first amended complaint (Doc. 6), to wit: Plaintiff's Eighth Amendment claims (Claims I and II) based upon excessive force and medical indifference against Defendant Officer Lwin and Plaintiff's assault and battery claim (Claim IV) against Defendant inmate Melvin Simmons, presently unserved and non-appearing.[1]  *See* (Doc. 19).

The parties convened via Zoom videoconference for a scheduling conference before the undersigned on January 30, 2026. (Doc. 24).  Araksya Boyadzhyan appeared on behalf of Plaintiff.

---

[1] On January 30, 2026, the Court extended time to 2/20/2026 for Plaintiff to either effect service of the summons and complaint upon Defendant Simmons and file summons returned executed or file a voluntary notice of dismissal of Defendant Simmons.  (Doc. 25); *see* Fed. R. Civ. P. 4(m).

1

Christian M. Georgely and Alicia A. Bower appeared on behalf of Defendants.  The case was not scheduled as the parties jointly request this action be stayed to allow time for the parties to explore settlement and/or mediation.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005).  In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).  In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it."  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

For good cause shown based on the parties' representations at the scheduling conference, and upon consideration of the *CMAX* factors, the Court will stay this action to allow time for the parties to undertake settlement and mediation efforts prior to the scheduling of this case.

As discussed at the conference, the parties shall exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **March 2, 2026**.  Defendants' initial disclosures shall address counsels' efforts to determine the existence of any audio or visual/video evidence relating to the January 2, 2023, incident that is the subject of the action, and the results of those efforts.

The parties shall file no later than **April 2, 2026**, a joint report addressing the parties' efforts undertaken toward settlement, the outcome of any settlement discussions, whether the parties seek to continue the stay to allow additional time for settlement discussions, or whether the parties seek to lift the stay of this case and reconvene before the Court to schedule the case.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. This action is STAYED pending the parties' settlement and mediation efforts, to be accomplished no later than **60 days** from the entry of this order;

2.  The parties SHALL SERVE initial disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **March 2, 2026**.  Defendants' initial disclosures shall address counsels' efforts to determine the existence of any audio or visual/video evidence relating to the January 2, 2023, incident that is the subject of the action, and the results of those efforts; and

3.  The parties SHALL FILE a joint report no later than **April 2, 2026**, addressing the parties' efforts undertaken toward settlement, the outcome of any settlement discussions, whether the parties seek to continue the stay to allow additional time for settlement discussions, or whether the parties seek to lift the stay of this case and reconvene before the Court to schedule the case.

IT IS SO ORDERED.

Dated:   **January 30, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3